IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN McCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-659-ALB |
| | ) | [WO] |
| HOUSTON COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Benjamin McClendon, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, brings this 42 U.S.C. § 1983 challenging a denial of adequate medical care and the conditions of confinement at the Houston County Jail. This action is pending on McClendon's complaint against Sheriff Donald Valenza, Commander James Brazier, Jason Smoak, the Houston County Jail, and the Houston County Health Department. Doc. 1. Upon review, the court concludes that dismissal of McClendon's complaint against the Houston County Health Department and the Houston County Jail prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

**A.    The Houston County Health Department**

McClendon names the Houston County Health Department, a division of the Alabama Department of Health, as a defendant. The State of Alabama and, by extension, its departments

---

[1] The court granted McClendon's request for leave to proceed in this action *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State consents to suit, a plaintiff cannot proceed against the State or any department thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Consequently, McClendon's claims against the Houston County Health Department are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

**B.   The Houston County Jail**

McClendon names the Houston County Jail as a defendant. A county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit. In light of the foregoing, it is clear that the Houston County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendants Houston County Health Department and Houston County Jail be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Houston County Health Department and the Houston County Jail be DISMISSED with prejudice and terminated as parties prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3. This case be REFERRED to the undersigned for further proceedings.

---

[2]Even if the Houston County Health Department periodically inspects the jail, it is not responsible for the conditions which exist at the facility and, therefore, it may not be subject to suit or liability for such conditions.

It is further

ORDERED that **on or before October 9, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of September 2019.

     /s/   Charles S. Coody  
UNITED STATES MAGISTRATE JUDGE